UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAULA M. SCHMIDT,

        Plaintiff,

v.

                                         Case No. 08-12378

COMMISSIONER OF SOCIAL SECURITY,      Honorable Julian Abele Cook, Jr.

        Defendant.

ORDER

On June 4, 2008, the Plaintiff, Paula M. Schmidt, filed a complaint pursuant to 42 U.S.C. § 402(g) in which she challenges a final decision by the Defendant, Commissioner of Social Security ("Commissioner"), who had denied her application for disability insurance benefits under the Social Security Act.

On October 5, 2008, she filed a motion for the entry of a summary judgment under Fed. R. Civ. P. 56(c).[1] Although the Government did not file a response to this request; it did file a similar dispositive motion pursuant on January 7th of the following year. Magistrate Judge R. Steven Whalen, to whom the parties' motions were referred for his attention, issued a report on July 20, 2009 in which he recommended that the Court (1) grant Schmidt's motion for a summary judgment

---

[1] Fed. R. Civ. P. 56(c) states, in part: "[t]he judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."

and (2) deny the Commissioner's request for similar relief. As of this date, neither party has filed an objection to his report and recommendation. For the reasons that have been set forth below, the Court adopts his report in its entirety.

I.

Schmidt, a thirty-seven year old resident of Clinton Township in Michigan, obtained a high school diploma and had completed two years of college when her application was submitted to the Social Security Administration for its consideration. Her employment history includes work in a daycare facility and providing customer service in her mother's bridal salon.

On April 24, 1994 – at the age of twenty-two – Schmidt was injured in an automobile accident, from which she claims to have sustained a closed head injury, severe headaches, abdominal pain, broken legs, depression, and anxiety. Several years later (February 12, 2004), she - after having filed an application for disability insurance benefits with the Social Security Administration - received a hearing before an administrative law judge.

Schmidt testified during this hearing that the accident of April 1994 had caused severe injuries to her leg and head, all of which rendered her unable to walk, and subjected her to experience sharp stomach pains and extreme nausea during the four months immediately following the accident. Schmidt also recalled that following her release from the hospital, she was bedridden and required the assistance of health professionals for such fundamental hygienic measures as bathing, utilizing a restroom, and eating. According to Schmidt, she (1) has not worked since the accident, and (2) is financially dependent upon her parents.

Schmidt's medical evidence includes the opinion of one of her treating physicians, Dr. Sherry Viola, who opined that her patient is incapable of performing any type of work. Dr. Alexia

2

Canady, who treated her after the accident, expressed the view that Schmidt had a "hydrocephalus with Chiari malformation"[2] - a physical malady which may have been exacerbated by the accident. Because of the accident, Schmidt underwent surgery to insert a peritoneal shunt[3] which was designed to treat the hydrocephalus. She was hospitalized in February and March 1997 due to malfunctions with the shunt which, in turn, caused her to undergo another operation that replaced the peritoneal shunt with a ventricular shunt.[4]

In June 1997, Schmidt began a rehabilitation program, took college classes on a part time basis, and attempted to work in her mother's bridal store without any meaningful success. Schmidt was also given psychiatric treatment from Dr. Gilbert Ladd who, in a letter on October 2004, advised the Disability Determination Service that his patient (1) suffered from severe depression and anxiety which was attributable to the automobile accident of 1994, and (2) was "certainly unable to work in any capacity."

Schmidt has also proffered letters from health professionals, all of whom opined that she had been unable to ambulate without any assistance until October 1995. According to one of the letters, this level of assistance was reduced to four hours a day beginning in November 1995.

At the conclusion of the hearing, the administrative law judge determined that her application for disability benefits should be denied because, in his opinion, she had failed to demonstrate any impairments which (1) could be expected to result in death or (2) would preclude

---

[2] As noted in Magistrate Judge Whalen's report and recommendation, hydrocephalus is an abnormal increase in the amount of cerebrospinal fluid within the cranial cavity. "Chiari malformations (CMS) are structural defects in the cerebellum, the part of the brain that controls balance."

[3] A peritoneal shunt diverts excess cerebral spinal fluid to the abdomen.

[4] A ventricular shunt diverts excess cerebral spinal fluid to the atrium of the heart.

her from engaging in any substantial gainful activity for at least twelve continuous months. The Appeals Council concurred with the determination by the administrative law judge and, in so doing, rejected her request for a review of the case.

II.

The Social Security Act defines disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

This federal court has the power to review final orders of the Social Security Administration to determine if they are supported by substantial evidence on the record and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g)[5]; *Brainard v. Sec'y of Health & Human Serv.*, 889 F.2d 679, 681 (6th Cir. 1989) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Substantial evidence is more than a scintilla of evidence but less than preponderance. It is the requisite amount of evidence for a "reasonable mind [to] accept as adequate to support a conclusion." *Id.* (citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Moreover, a court must (1) conduct its review only on the basis of the official record and (2) decline any effort to try the case *de novo*, "make credibility determinations," or "weigh the evidence." *Id.* (citing *Reynolds v. Sec'y of Health & Human Serv.*, 707 F.2d 927 (6th Cir. 1983).

In setting forth his reasons for denying Schmidt's claim for disability benefits, the

---

[5] 42 U.S.C. § 405(g) provides, in pertinent part, that a court "may at any time order additional evidence to be taken before the Commissioner of Social Security for further action by the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . ."

administrative law judge looked to the April 1996 treating notes of her physician which encompassed a period of two years after the alleged onset date of her disability (i.e., the car accident). It was his determination that Schmidt was able to return to school, work at her mother's bridal shop, and take driver's training. However, a close examination of Schmidt's history clearly indicates that the bases for his conclusions add very little - if anything - to the question of whether she was disabled during the twelve months immediately succeeding her alleged disability onset date (i.e., her car accident in April 1994).

The Court concludes that the decision by the administrative law judge, who had rejected Schmidt's application for disability rights, is not supported by the substantial evidence in the record. Therefore, this case is remanded to the Commissioner of the Social Security for reconsideration of the record.

### III.

Along with her request to this Court for its review of the ruling by the Appeals Council, Schmidt also proffered submitted additional records that she had not presented to the administrative law judge during the hearing; namely, (1) a November 1994 newspaper photograph of Schmidt in a hospital bed, (2) letters from treating physicians, and (3) a variety of medical records which ostensibly support her claims of disability.

Although Schmidt did not specifically make such a request, "under the plain language of § 405(g), the Court can properly grant a sentence six remand *sua sponte*, based on its finding that the post decision material is both new and material." *Street v. Comm'r of Social Security*, 390 F. Supp. 2d 630, 640 (E.D. Mich. 2005). Such a remand is appropriate only if the moving party has demonstrated that (1) the evidence is new and material to the issues in controversy, and (2) there

5

was a good cause for her failure or inability to submit it prior to the rendition of the decision by the administrative law judge. *Newsome v. Comm'r of Soc. Sec.*, 2007 U.S. Dist. LEXIS 96504, at *7 (W.D. Mich. October 12, 2007). Proffered records qualify as new if they were (1) not in existence or (2) not available to the claimant at the time of the hearing. *See id*. (citing *Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477 (6th Cir. 2006)). Furthermore, in order to meet the burden of materiality, a plaintiff must demonstrate that there is reasonable probability that the administrative law judge would have reached a different disposition of the disability claim if he had been presented with the new evidence. *Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988).

In this case, Schmidt's evidence satisfies the materiality threshold. As highlighted by Magistrate Judge Whelan, the letters from various health professionals, who treated Schmidt, state that she was unable to walk without assistance until October 1995 as a result of her injuries from the auto accident of April 1994. This evidence appears to contradict the administrative law judge's conclusion that Schmidt was not disabled for the twelve month period following the car accident.

However, Schmidt has not presented any reason that which would justify her failure to seek the admission of these records into evidence during the hearing before the administrative law judge. Although Schmidt filed for disability benefits nearly ten years after her auto accident, this evidence was not proffered until she filed a complaint with this Court. Hence, inasmuch as Schmidt has not established good cause, a sentence under a six remand standard would be inappropriate.

Nevertheless, if a case is remanded on independent grounds, an administrative law judge may consider the additional evidence, even where the claimant has not met the sentence six requirement. *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 175 (6th Cir. 1994). Inasmuch as the Court has concluded that a remand is appropriate on independent grounds (*see*

6

Section III above), the administrative law judge may properly consider Schmidt's additional evidence on remand.

IV.

Accordingly, and for the reasons stated above, the Court (1) denies the Commissioner's request for similar relief,(2) grants Schmidt's motion for summary judgment, remanding this case for further administrative proceedings pursuant to sentence four of § 405, and (3) directs the Commissioner to consider Schmidt's additional evidence on remand.

IT IS SO ORDERED.

Dated:  September 25, 2009           S/Julian Abele Cook, Jr.
        Detroit, Michigan            JULIAN ABELE COOK, JR.
                                     United States District Court Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on September 25, 2009.

                                     s/ Kay Doaks
                                     Case Manager